## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 40466

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 809 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 10, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TASHINA MARIE ALLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction and sentence for conspiracy to manufacture, deliver, or possess with the intent to deliver a controlled substance and conspiracy to deliver or possess with the intent to deliver paraphernalia, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.
_____

LANSING, Judge

Tashina Marie Alley was convicted of conspiracy to manufacture, deliver, or possess with the intent to deliver a controlled substance, namely "spice," and conspiracy to deliver or possess with the intent to deliver paraphernalia. On appeal, she contends that the district court erred by denying her pretrial motion to dismiss wherein she argued that Idaho law did not prohibit the sale of the substance she had sold. She also contends that the court erred by not instructing the jury that mistake of law is a defense to conspiracy.

### I.
### BACKGROUND

Alley was involved in the "spice" distribution enterprise discussed by this Court in *State v. Alley*, 155 Idaho 972, 318 P.3d 962 (Ct. App. 2014) (Morgan Alley,[1] Tashina's husband, was

---

[1]     In the remainder of the opinion, we refer to Morgan Alley as "Morgan" and Tashina Alley as "Alley."

the defendant in that case) and by the Idaho Supreme Court in *State v. Goggin*, 157 Idaho 1, 333 P.3d 112 (2014) and *State v. Taylor*, ___ Idaho ___, 335 P.3d 31 (2014). Indeed, Alley's case was consolidated with Taylor and Goggin's cases in the district court. The basic facts were summarized in *Goggin*:

> In September 2011, in response to a tip regarding suspicious activity, the Boise Police Department began investigating a warehouse in Boise leased by a man named Morgan Alley. The police conducted surveillance of the warehouse, observing who came and went, and seized trash discarded outside the warehouse on multiple occasions. Upon obtaining a warrant, Detective Joseph Andreoli searched the warehouse and found synthetic cannabinoids and the materials necessary to manufacture products containing synthetic cannabinoids. Andreoli testified that the warehouse contained "all of the items necessary" to manufacture synthetic marijuana, "including chemical; plant material; acetone, which is used as a solvent; and tobacco flavoring." The warehouse also contained "the packaging materials, such as the small plastic containers, lids, and sticker labels" necessary to package a finished synthetic marijuana product. In fact, the warehouse was set up in an assembly line fashion and contained synthetic marijuana in various stages of completion. The warehouse also contained finished synthetic marijuana products in small plastic containers labeled with stickers reading "Twizted Potpourri."
>
> During the course of the investigation, the police expanded their surveillance to include the Red Eye Hut (the Red Eye), a Boise store owned by the limited liability company for which Morgan Alley was the registered agent. Detective Andreoli stated that the Red Eye "appeared to be a head shop" due to the nature "of the items for sale inside." The shop contained various types of pipes, concealment containers, grinders, digital scales, drug testing kits, and "body-cleansing solutions to defeat drug tests." At one point, Detectives Kevin Holtry and Jason Harmon entered the Red Eye in an undercover capacity and purchased three containers of Twizted Potpourri and a metal pipe from Goggin. Testing showed that one of these containers contained plant material treated with JWH-019 and the other two containers contained plant material treated with AM-2201. Both JWH-019 and AM-2201 are synthetic cannabinoids. Thereafter, the police executed search warrants on the warehouse and the Red Eye, seizing approximately 30,000 containers of Twizted Potpourri from the warehouse and over 9,000 containers of Potpourri and 340 pipes from the Red Eye.

*Goggin*, 157 Idaho at 3-4, 333 P.3d at 114-15 (footnotes omitted).

Before trial, Morgan filed a motion to dismiss, arguing that Idaho law did not prohibit the sale of the "spice" he had produced. Alley joined the motion, but it was denied by the district court and the case proceeded to trial.

At trial, the State adduced evidence showing that Alley participated in her husband's "spice" business. Like the others involved in the business, Alley did not deny her involvement to

2

police, but argued that selling spice was legal or, in the alternative, that she did not know it was illegal. Over objection, the court instructed the jury that a mistake of law was not a defense.

After the jury trial, Alley was convicted of conspiracy to manufacture, deliver, or possess with the intent to deliver a controlled substance and conspiracy to deliver or possess with the intent to deliver paraphernalia. She appeals from the judgment of conviction, arguing that the court erred by denying the motion to dismiss and by giving an erroneous mistake of law instruction.

## II.

## ANALYSIS

We find no basis upon which we can distinguish Alley's claims from the claims of her co-conspirators that have previously been rejected by this Court or the Idaho Supreme Court.

### A. Motion to Dismiss

As to the motion to dismiss, Alley concedes that her claim of error is identical to the claim of error asserted by Morgan in a prior appeal. *See Alley*, 155 Idaho 972, 318 P.3d 962. Alley acknowledges that she "simply joined Morgan's arguments in the district court and the issue was decided solely on the evidence and argument submitted by Morgan." On appeal, when addressing Morgan's motions, this Court concluded that "the district court did not err in denying [Morgan's] motion to dismiss and motion to reconsider." *Alley*, 155 Idaho at 983, 318 P.3d at 973. In our view, Morgan impermissibly attempted to resolve an issue of fact in a pretrial motion to dismiss. *Id*. at 982, 318 P.3d at 972.[2] For the same reason Morgan's claims of error failed, Alley's claims also fail.

### B. Jury Instruction

On appeal, Alley argues that because conspiracy is a specific intent crime, her mistake of law, believing that certain compounds were not illegal in Idaho, was a defense. Alley's argument, that the court erred by instructing the jury that ignorance or mistake of law is not a

---

[2] It is unclear whether this Court's rationale in *Alley* was overruled by *State v. Goggin*, 157 Idaho 1, 6 n.4, 333 P.3d 112, 117 n.4 (2014). In a footnote the Idaho Supreme Court remarked that AM-2201 is a synthetic cannabinoid and the "plain language used by the Legislature banned all forms of synthetic marijuana." Irrespective of whether *Goggin* overruled a portion of *Alley*, the claims in this appeal fail. If the Supreme Court decided that AM-2201 is illegal as a matter of law, the district court did not err by denying the motion to dismiss. Therefore, because we can hold that the motion to dismiss was properly denied under either theory, we need not determine whether *Alley* was overruled.

defense to a conspiracy charge, is foreclosed by the Idaho Supreme Court's decision in *Goggin*, 157 Idaho at 13, 333 P.3d at 124, where the Court said:

> A person commits an illegal act by engaging in the activities prohibited by statute. Therefore, a person will have committed conspiracy when she agrees with another person to engage in activities prohibited by statute.
>
> For example, a person is guilty of conspiracy to deliver a controlled substance under Idaho Code section 37-2732(f) when she and another person agree to deliver a controlled substance. The statute does not require the State to prove that the defendant knew it was illegal to deliver a controlled substance. Under this analysis, then, to be convicted of conspiracy, a defendant must have simply intended to engage in the acts necessary to commit the underlying substantive offense. Thus, whether the defendant knows the acts are illegal is irrelevant.
>
> . . . .
>
> Other courts have interpreted similar conspiracy statutes to mean that the defendant must, with the mental state required by the underlying offense, only agree to engage in the conduct prohibited by the underlying offense, not that the defendant must know the acts are illegal. In *U.S. v. Feola*, the defendant was convicted of conspiracy under 18 U.S.C. § 371, which defines conspiracy as occurring when "two or more persons conspire . . . to commit any offense against the United States, . . . and one or more of such persons do any act to effect the object of the conspiracy." 420 U.S. 671, 95 S. Ct. 1255, 43 L. Ed. 2d 541 (1975). In considering this issue, the Supreme Court found "no textual support for the proposition that to be guilty of a conspiracy a defendant in effect must have known that his conduct violated federal law." *Id.* at 687, 95 S. Ct. at 1265, 43 L. Ed. 2d at 554. Indeed, the conspiracy statute
>
> > makes it unlawful simply to "conspire . . . to commit any offense against the United States." A natural reading of these words would be that since one can violate a criminal statute simply by engaging in the forbidden conduct, a conspiracy to commit that offense is nothing more than an agreement to engage in the prohibited acts.
>
> *Id.* The Court also noted that in the past, it had "declined to require a greater degree of intent for conspiratorial responsibility than for responsibility for the underlying substantive offense." *Id.* at 688, 95 S. Ct. at 1266, 43 L. Ed. 2d at 555 (citing *United States v. Freed*, 401 U.S. 601, 91 S. Ct. 1112, 28 L. Ed. 2d 356 (1971)). Similarly, in *U.S. v. Haldeman,* a case the district court relied on when it decided to grant a new trial, the Circuit Court of Appeals for the District of Columbia stated: "a defendant does not have to be aware that he was violating a particular law, such as 18 U.S.C. § 371, so long as he had the conscious intent to do that which the law in fact forbids." *United States v. Haldeman*, 559 F.2d 31, 117 (D.C. Cir. 1976).
>
> In this case, because neither Idaho Code section 18-1701 nor Idaho Code section 37-2732(f) contain specific language providing for a mistake of law defense, Goggin's argument fails.

*Id*. Accordingly, Alley was not entitled to a different mistake of fact instruction.

4

## III.
## CONCLUSION

Because both of Alley's claims are foreclosed by recent authority from this Court or the Supreme Court, further analysis is not warranted. The judgment of conviction is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**